## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Spencer Christie, being duly sworn, do hereby depose and state:

### Introduction

1. This affidavit is made in support of an arrest warrant and criminal complaint charging Antonio CARDENAS with Failure to Register as a Sex Offender, in violation of Title 18, United States Code, Section 2250. The information set forth below has come from either personal investigation or, where noted, has been relayed to me personally by other law enforcement officers assisting with this investigation.

### Affiant Background

2. I am a Deputy U.S. Marshal and have been so employed since April 3, 2011. I attended the United States Basic Deputy Marshal Academy and completed it successfully in 2011. This training was at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. At the Deputy Academy, I received hundreds of hours of formalized and generalized instruction on fugitive investigation and case management. Portions of this training were geared toward case building and investigation that would analyze what parameters of conduct would be sufficient to meet the various statutory requirements of the United States Code Title 18 offenses. During my time as a Deputy U.S. Marshal, I have participated in numerous fugitive apprehensions and case investigations. One of my responsibilities is to investigate individuals who are convicted sex offenders and have failed to register as required by the Sex Offender Registration and Notification Act ("SORNA"), in violation of Title 18, United States Code, Section 2250.

## The Sex Offender Registration and Notification Act

3. The applicable "failure to register" statute, Title 18, United States Code, § 2250, provides in part, "Whoever— (1) is required to register under the Sex Offender Registration and Notification Act; . . . (2)(B) travels in interstate or foreign commerce . . .; and (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act; shall be fined under this title or imprisoned not more than 10 years, or both." Section 113 of SORNA, states that a sex offender "shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a) ("Registry requirements for sex Offenders"). SORNA further defines the sex offender's responsibility to keep his/her registration current:

> "(c) Keeping Registration Current – A sex offender shall, not later than 3 business days after each change of name, residence, employment or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry . . . ."

42 U.S.C. § 16913(c).

## Texas Law

4. Texas Criminal Code § 22.021, AGGRAVATED SEXUAL ASSAULT OF A CHILD UNDER 14, states, in part, that (a) a person commits an offense (1) if the person (B) regardless of whether the person knows the age of the child at the time of the offense, intentionally or knowingly:

> (i) causes penetration of the anus or sexual organ of a child by any means;
>
> (ii) causes the penetration of the mouth of a child by the sexual organ of the actor;

(iii) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor;

(iv) causes the anus of a child to contact the mouth, anus, or sexual orgam of another person, including the actor; or

(v) causes the mouth of a child to contact the anus or sexual organ of another person, including the actor; and

(2) if:

(B) The victim is under 14 years of age.

### Statement of Probable Cause

5. Antonio CARDENAS was originally convicted on November 2, 2007, of (a) Aggravated Sexual Assault of a Child Under 14 Years of Age and (b) Indecency With a Child - Contact. CARDENAS appealed the decision and was ultimately convicted on October 24, 2011, of one count of Aggravated Sexual Assault of a Child Under 14 Years of Age. This felony conviction made CARDENAS a lifetime sex offender registrant.

6. According to law enforcement sources, CARDENAS was released from prison in January of 2016 and initially registered as a sex offender in Beaumont, Texas. On January 30, 2018, CARDENAS completed his initial sex offender registration with the Houston Police Department ("HPD") and signed a notification form for the Texas Sex Offender Registration Program. CARDENAS signed and dated that he acknowledged a list of requirements, including:

*Change of Address: No Later than the 7th day before I move to a new residence in this state or another state, I must report in person to the law enforcement authority designated as my primary registration authority and to any community supervision and corrections department officer, juvenile probation officer, or parole officer supervising me and inform the authority and officer of my intended move. If my new residence is located in this state, no later than the 7th day after changing my address, I must report in person and register with the local law enforcement*

*authority in the municipality or county where my new residence is located. If my new residence is located in another state, no later than the 10th day after the date I arrive in the other state, I must register with the law enforcement agency that is identified by the Texas Department of Public Safety as the agency designated by that state to receive registration information. If I do not move to an intended address by the end of the 7th day after my anticipated move date, I shall report to my primary registration authority and any supervising officer weekly, and provide an explanation regarding changes in my anticipated move date and intended address.*

7  On May 5, 2020, an arrest warrant was issued by the 297th District Court in the state of Texas for CARDENAS for a parole violation on his underlying charge of Aggravated Sexual Assault of a Child Under 14 Years of Age.

8.  On August 5, 2020, Corporal Dennis Quint of the Maine State Police (MSP) arrested CARDENAS in Mars Hill, ME, for (a) Theft of a Vehicle and (2) the aforementioned parole violation out of the state of Texas. CARDENAS was with a female identified as his girlfriend. She stated she and CARDENAS moved from Houston, TX, to Lewiston/Auburn, ME, to stay with her family. After an argument, they were forced to leave the residence and met a stranger who allowed them to stay at his home in Mars Hill, ME. CARDENAS took the stranger's vehicle without permission and placed fictitious plates on it. CARDENAS was arrested and taken to the Aroostook County Jail in Houlton, ME. CARDENAS was later released from the Aroostook County Jail because Texas refused to extradite due to COVID-19 concerns.

9.  On September 19, 2020, the Caribou police Department again arrested CARDENAS in Caribou, ME, on his outstanding warrant for a parole violation out of the state of Texas. CARDENAS was transported to the Aroostook County Jail in Houlton, ME, awaiting extradition back to Texas. After ten days, CARDENAS was again released from the jail due to Texas refusing to extradite given the COVID-19 pandemic.

10. On October 31, 2020, the Caribou Police Department received a phone call from a caretaker for an elderly woman living in Caribou, Maine. The caretaker indicated CARDENAS had been living with the elderly woman in Caribou. The caretaker stated that CARDENAS was no longer allowed to be on the property and the elderly woman was afraid of him. The Caribou Police Department contacted CARDENAS over the phone and informed him he needed to move his belongings out of the elderly woman's residence immediately.

11. On January 25, 2021, a concerned citizen who wished to remain anonymous contacted the Maine State Sex Offender Registry (MSOR) and stated CARDENAS was residing in Caribou, ME. She stated she was concerned about him being a sex offender and not registering with the state.

12. An email dated January 28, 2021 from the Maine State Police Sex Offender Registry states that there is no registration information for CARDENAS in Maine.

## Conclusion

13. As a result of CARDENAS' above-described conviction, he was required by SORNA to register, and keep said registration current, in each jurisdiction where he resided, was employed, or was a student. *See* 42 U.S.C. § 16913(a) and (c). The facts set forth herein establish that CARDENAS has failed to register as a sex offender here in Maine despite moving to this judicial district.

14. Based on the above facts, I believe probable cause exists for the issuance of a criminal complaint alleging that from a date unknown but no later than August 5, 2020 and continuing until a date unknown but no earlier than January 25, 2021, in the District of Maine, CARDENAS, an individual required to register and update registration pursuant to the Sex Offender Registration and Notification Act, and who had traveled in interstate commerce, did

knowingly fail to register and to update his sex offender registration in violation of 18 U.S.C. § 2250(a).

Sworn to under the pains and penalties of perjury.

    I, Spencer Christie, hereby swear under oath that the information set forth in this affidavit is true and correct to the best of my knowledge, information and belief, and that I make this oath under pains and penalties of perjury.

    Dated at Bangor, Maine this 9th day of February 2021.

Spencer Christie, Deputy U.S. Marshal
United States Marshals Service

Sworn to telephonically and signed electronically in accordance with the requirements of Rule 4.1 of the Federal Rules of Criminal Procedure

Date: Feb 09, 2021,

City and state: Bangor, ME

John C Nivison U.S. Magistrate Judge
Printed name and title